IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3337-FL

RODNEY E. COBBS,                           )
                                           )
                    Plaintiff,             )
                                           )
        v.                                 )              ORDER
                                           )
SHERIFF EDWARD McMAHON and                 )
SUSAN ANDERSON,                            )
                                           )
                    Defendants.            )


        This matter is before the court on defendant Edward McMahon's motion to dismiss (DE

32) pursuant to Federal Rule of Civil Procedure 12(b)(6), and plaintiff's motions for default

judgment (DE 35, 39), to compel discovery (DE 47), and for preliminary injunction (DE 50).[1]

The issues raised are ripe for ruling.

                          **STATEMENT OF THE CASE**

        Plaintiff, a former state pretrial detainee proceeding pro se, commenced this action by filing

complaint December 6, 2023, asserting claims for violations of his civil rights pursuant to 42

U.S.C. § 1983.   Upon initial review of the action under 28 U.S.C. § 1915(e)(2)(B), the court

allowed plaintiff to proceed with his claims that defendants failed to provide adequate medical

treatment for his rheumatoid arthritis.   Plaintiff was housed at the New Hanover County Detention

Center ("detention center") during the relevant time period, and he alleges defendant Edward

---

[1]        Also pending is defendant Susan Anderson's motion to dismiss (DE 55), which the court will address by
separate order when same becomes ripe for ruling.

McMahon ("McMahon"), the county sheriff, and defendant Susan Anderson, a medical provider employed by WellPath LLC, were responsible for the deficient medical care.

In response to the complaint, defendant McMahon filed the instant motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff has incurred "three strikes" under the Prison Litigation Reform Act. Plaintiff did not respond to the motion to dismiss. Meanwhile, defendant Anderson filed several notices indicating that WellPath LLC had commenced bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and that the bankruptcy court had entered orders enjoining further prosecution of tort claims against current or former employees of WellPath except to the extent permitted within the bankruptcy litigation.

Although he failed to respond to defendant McMahon's motion to dismiss, plaintiff filed the instant motions for default judgment, for preliminary injunction, and to compel discovery. As to the requests for default judgment, plaintiff argues that defendants have failed to respond to the operative complaint and he requests that the court enter judgment in the amount of $50 million against defendants. By his motion for preliminary injunction,[2] plaintiff argues that he has not received medical treatment for his rheumatoid arthritis, and he requests a court order releasing him from custody. Finally, by way of the instant motion to compel, plaintiff seeks a court order directing defendants to respond to his discovery requests. Defendants filed responses in opposition to plaintiff's motions for default judgment and defendant McMahon responded in opposition to the motion to compel discovery. The court also addresses herein plaintiff's numerous irrelevant filings on the docket.

---

[2] The clerk docketed this motion as a "proposed order to show cause for preliminary injunction" (DE 50) but the court construes it as a motion.

Defendant Anderson also has filed motion to dismiss this action on the basis of recent developments in the bankruptcy case, arguing that Wellpath's bankruptcy discharge and related orders entered by the bankruptcy court permanently enjoin plaintiff from prosecuting the instant action. Plaintiff's deadline for responding to this motion has not elapsed, and the court therefore does not address the substance of the motion herein. However, in light of the bankruptcy court's orders, the court provides guidance as to how this litigation will proceed as between defendants Anderson and McMahon.

## COURT'S DISCUSSION

A. Plaintiff's Motions

Turning first to the motion for preliminary injunction, plaintiff cannot obtain preliminary injunctive relief to remedy issues that are unrelated to the claims in his complaint or that runs against officials who are not parties to this action. See Trump v. CASA, Inc., 145 S. Ct. 2540, 2551–52 (2025); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997). Here, plaintiff has been transferred to custody of the North Carolina Department of Adult Corrections, and thus defendants in this action are not responsible for any current failure to provide medical care. Plaintiff also fails to address factors required to grant preliminary relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Finally, the court lacks authority to order plaintiff's release from imprisonment in the instant civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, this motion is denied.

Plaintiff's motions for default judgment also are without merit. Defendants timely responded to plaintiff's complaint by filing answer or motion to dismiss. (DE 29, DE 32); see Fed. R. Civ. P. 12(a)(4) (permitting motion under Rule 12(b) in lieu of answer). Accordingly,

they have not "failed to plead or otherwise defend" and plaintiff is not entitled to default judgment. See Fed. R. Civ. P. 55(a); Colleton Preparatory Acad., Inc. v. Hoover Universal, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Finally, plaintiff moves to compel responses to his discovery requests. But the court has not entered scheduling order governing discovery in this case, and as a result plaintiff's requests for discovery are premature. Thus, plaintiff's motion to compel is denied. Plaintiff may serve discovery requests after the court enters case management order providing a period for discovery. See Fed. R. Civ. P. 16(b). In addition, plaintiff must desist from filing discovery requests on the docket unless necessary to decide a pending motion. See Local Civ. R. 26.1(a). Discovery requests should be served on defendants' counsel. See id.

C.     Plaintiff's Irrelevant Filings

Plaintiff also has filed numerous letters and other documents pertaining to his criminal case and other matters irrelevant to the civil claim at issue in this litigation. It appears that plaintiff is attempting to circumvent mail restrictions at his correctional facility by sending documents to the court and then requesting copies from the clerk's office under the guise of "legal mail" from the court. For example, in docket entries 51 and 53, plaintiff says the following:

> I have legal documents from the North Carolina . . . crime laboratory. I'm sending [two] extra stamps to send those documents here at [plaintiff's correctional facility].

(DE 51).

> My fiancé is sending a copy or copies of [the state crime lab documents]. . . . Once you receive those documents, I wanted you to forward me those DNA test results. That was the reason I forwarded the [two] postage stamps, upon receiving those DNA test document[s] would you so kindly mail them to me. That is the only way I'll be able to get them.

4

(DE 53).

The court does not provide mailing services for inmates. This case involves plaintiff's allegations that he received inadequate medical care for his rheumatoid arthritis. The DNA test results from plaintiff's criminal case are not relevant to this claim, and plaintiff cannot circumvent the Department of Adult Correction's mail policies by sending these documents to the court and requesting that they be returned as legal mail. Plaintiff is directed to cease this practice, and failure to do so will result in dismissal of this action as an abuse of the judicial process and for failure to comply with a court order. See 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 41(b). The court provides specific directions below regarding future filings and requests for copies of court documents.

D.      Defendant McMahon's Motion to Dismiss

Defendant McMahon seeks dismissal of plaintiff's claims because he has incurred "three strikes" under the Prison Litigation Reform Act ("PLRA"). The PLRA provides that inmates who have had three cases dismissed on specified grounds may not proceed in forma pauperis in a future civil action. Pitts v. South Carolina, 65 F.4th 141, 143 (2023). Such inmates must the pay the entire filing fee, currently $405, up front before he or she may file a new civil action in federal court. 28 U.S.C. § 1915(g); Pitts, 65 F.4th at 143. In particular, 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5

Here, defendant McMahon argues that plaintiff has incurred three strikes on the basis of the following cases: 1) Cobbs v. Harrell, No. 5:24-CT-3106-BO-RJ (E.D.N.C. June 24, 2024); 2) Cobbs v. Ellington, No. 5:19-CV-92-FDW (W.D.N.C. July 27, 2020); and 3) Cobbs v. David, No. 5:23-CT-3312-FL (E.D.N.C. May 31, 2024). But the problem with this argument is that in two of these cases the court dismissed the actions as frivolous or for failure to state a claim after plaintiff filed the instant action December 6, 2023. See Cobbs v. Harrell, No. 5:24-CT-3106-BO-RJ (E.D.N.C. June 24, 2024) (ECF No. 10); Cobbs v. David, No. 5:23-CT-3312-FL (E.D.N.C. May 31, 2024) (ECF No. 18). Accordingly, at the time plaintiff filed this action and the court granted in forma pauperis status, plaintiff had not incurred threes strikes.

The PLRA prohibits "bringing" a civil action in forma pauperis if the inmate "has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action that was dismissed" on one of the enumerated grounds. See 28 U.S.C. § 1915(g) (emphasis added). Thus, when evaluating the in forma pauperis application, the court must determine whether, as of the date the action is filed, any prior dismissals count as strikes pursuant to the three enumerated grounds. Taylor v. Grubbs, 930 F.3d 611, 617 (4th Cir. 2019) ("Courts therefore count a prisoner's strikes as of the date the prisoner files the complaint or appeal."); see also Millhouse v. Heath, 866 F.3d 152, 154 (3d Cir. 2017), overruled on other grounds, Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020). The court does not have authority to dismiss the instant action on the basis of the three strikes rule in the circumstances presented here, where plaintiff incurred his third strike after filing this action. See Taylor, 930 F.3d at 617. Accordingly, and where this is the only argument advanced in the instant motion to dismiss, same must be denied. This action will proceed to discovery as to defendant McMahon.

6

C.    Defendant Anderson

As noted above, defendant Anderson has filed a motion to dismiss, but briefing on same is not yet complete.   Defendant Anderson also has tendered several filings indicating that plaintiff is enjoined from prosecuting this action further as to her, because of her status as former employee of Wellpath LLC, which has been granted a Chapter 11 discharge in bankruptcy court.   (Notices (DE 30, 43); Def. Anderson Mem. (DE 56)).   Thus, with the exception of a response to the pending motion to dismiss, this action will be stayed as to defendant Anderson pending the court's ruling on the motion to dismiss, on the terms set forth below.

**CONCLUSION**

Based on the foregoing:

1)  Plaintiff's motions for default judgment (DE 35, 39) and to compel discovery (DE 47) are DENIED;

2)  Defendant McMahon's motion to dismiss (DE 32) is DENIED, and the clerk is DIRECTED to proceed with entry of initial scheduling order after defendant McMahon files answer to the complaint.   This scheduling order applies only to plaintiff's claims against defendant McMahon.    No discovery requests or other filings, beyond response to defendant Anderson's motion to dismiss,[3] shall be filed on the docket or served on defendant Anderson;

3)  Going forward, plaintiff must desist from sending documents from his criminal case or other irrelevant filings to the court.   Going forward, the clerk's office will not send additional documents to plaintiff from the court's docket absent permission from the

---

[3]      As noted in the court's August 18, 2025, Rule 12 letter, plaintiff's deadline for responding to the motion to dismiss is September 8, 2025.   (DE 57).

court. Any future document requests must be accompanied by showing that the requested documents are relevant to plaintiff's claims in this lawsuit; and

4) In the event plaintiff fails to comply with the instructions in paragraphs two or three of this order, the court will dismiss this action in its entirety as consequence of such failure.

SO ORDERED, this the 10th day of September, 2025.

LOUISE W. FLANAGAN
United States District Judge